# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| CEDAR RAPIDS ELECTRICAL APPRENTICESHIP TRAINING AND EDUCATIONAL TRUST, | |
| Plaintiff, | No. 18-CV-01-LRR |
| vs. | **ORDER** |
| CHAD MICHAEL EHRET, | |
| Defendant. | |

_____

## I. INTRODUCTION

The matter before the court is Plaintiff Cedar Rapids Electrical Apprenticeship Training and Educational Trust's Motion for Default Judgment ("Motion") (docket no. 8), which Plaintiff filed on March 1, 2018.

## II. PROCEDURAL HISTORY

On January 3, 2018, Plaintiff filed a "Complaint for Enforcement of an Arbitration Award" ("Complaint") (docket no. 1), requesting that the court enforce an arbitration award under the Federal Arbitration Act, 9 U.S.C. § 9. On January 26, 2018, Defendant Chad Michael Ehret was personally served with a copy of the Complaint. *See* Proof of Service (docket no. 4). On February 20, 2018, Plaintiff filed an Application for Entry of Default (docket no. 6) in light of Defendant's failure to answer or otherwise respond to the Complaint. On February 21, 2018, the Clerk of Court entered default. *See* Default Entry (docket no. 7). On March 1, 2018, Plaintiff filed the Motion. Defendant has not filed any responsive pleading.

## III. FACTUAL BACKGROUND

Defendant was a participant in Plaintiff's apprenticeship training program, which is an "employee welfare benefit plan" under Section 3(1) of the Employee Retirement

Income Security Act, 29 U.S.C. § 1002(1). As part of the program, Defendant executed three Scholarship Loan Agreements and Promissory Notes (collectively, the "Agreements") (docket nos. 1-1 through 1-3), each of which contained an arbitration provision. Defendant subsequently failed to make the required payments as set forth in the Agreements.

Pursuant to the terms of the Agreements, Plaintiff initiated an arbitration proceeding through the American Arbitration Association. All parties had an opportunity to present evidence during the arbitration proceedings; however, Defendant did not appear personally or through a representative and did not present a defense. On October 16, 2017, Arbitrator Norma Sutton issued an award in favor of Plaintiff, stating:

> I find for [Plaintiff] in the total amount of $10,420.00 (repayment obligation of $7,250.01 (plus interest [at] 3.25% from February 24, 2011 [through] August 21, 2013), plus costs of $1,332.00 and attorney fees of $1,837.99).
>
> The fees and expenses of the American Arbitration Association totaling $750.00 and the compensation and expenses of the Arbitrator totaling $1,000.00 shall be born by [Defendant] in accordance with the [Arbitration] Agreement. Therefore, [Defendant] shall reimburse [Plaintiff] the additional sum of $1,750.00.

Arbitration Award (docket no. 1-4) at 2.

## IV. ANALYSIS

### A. *Liability*

The Clerk of Court entered a default against Defendant pursuant to Federal Rule of Civil Procedure 55(a). "Entry of a default under Federal Rule of Civil Procedure 55(a) is not, as such, entry of a judgment; it merely permits the plaintiff to move for a default judgment under Rule 55(b)(2), assuming that the default is not set aside under Rule 55(c)." *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997). Pursuant to Federal Rule of Civil Procedure 55(b), a default judgment may be entered as

follows:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Because Defendant failed to answer or otherwise defend the action, he is deemed to have admitted the well-pleaded allegations of the Complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). Consequently, Defendant's liability to Plaintiff is established. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint[,] except as to the amount of damages[,] are taken as true." (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, 85-86 (1958))). The Complaint alleges that Defendant failed to make payment pursuant to the Agreements and that Plaintiff initiated an arbitration proceeding pursuant to the Agreements to recover the outstanding payments. The Complaint further alleges that the arbitrator found in favor of Plaintiff and that Defendant has not paid

follows:

> (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum that can be made certain by computation, the clerk—on the plaintiff's request, with an affidavit showing the amount due—must enter judgment for that amount and costs against a defendant who has been defaulted for not appearing and who is neither a minor nor an incompetent person.
>
> (2) By the Court. In all other cases, the party must apply to the court for a default judgment . . . . The court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to:
>
> (A) conduct an accounting;
> (B) determine the amount of damages;
> (C) establish the truth of any allegation by evidence; or
> (D) investigate any other matter.

Fed. R. Civ. P. 55(b).

Because Defendant failed to answer or otherwise defend the action, he is deemed to have admitted the well-pleaded allegations of the Complaint. *See Angelo Iafrate Const., LLC v. Potashnick Const., Inc.*, 370 F.3d 715, 722 (8th Cir. 2004). Consequently, Defendant's liability to Plaintiff is established. *See Brown v. Kenron Aluminum & Glass Corp.*, 477 F.2d 526, 531 (8th Cir. 1973) ("If the court determines that the defendant is in default, his liability to the plaintiff is deemed established and the plaintiff is not required to establish his right to recover. The allegations of the complaint[,] except as to the amount of damages[,] are taken as true." (quoting 3 Barron & Holtzoff, Federal Practice & Procedure § 1216, 85-86 (1958))). The Complaint alleges that Defendant failed to make payment pursuant to the Agreements and that Plaintiff initiated an arbitration proceeding pursuant to the Agreements to recover the outstanding payments. The Complaint further alleges that the arbitrator found in favor of Plaintiff and that Defendant has not paid

Plaintiff the amount due under the Arbitration Award. For purposes of this Order, these allegations are established as true. *See id.*

### B. Damages

"[W]hen a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true." *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004) (quoting *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)); *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) ("While a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages."). "The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *In re Catt*, 368 F.3d at 793 (quoting *Credit Lyonnais Sec.*, 183 F.3d at 155).

"[I]n civil litigation between private parties, a party entitled to judgment by default is required to prove the amount of damages that should be awarded." *Oberstar v. FDIC*, 987 F.2d 494, 505 n.9 (8th Cir. 1993). A plaintiff must prove its damages by a preponderance of the evidence. *See Everyday Learning Corp. v. Larson*, 242 F.3d 815, 818-19 (8th Cir. 2001) (affirming the district court's decision not to award damages after a default judgment hearing where damages were "speculative and not proven by a fair preponderance of the evidence"). The court must afford the plaintiff all reasonable inferences from the evidence offered. *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981).

The court may award damages upon entering a default judgment without an evidentiary hearing only if the amount requested is a "sum certain," meaning "there is no doubt as to the amount to which a plaintiff is entitled as a result of the defendant's default." *KPS & Assocs., Inc. v. Designs By FMC, Inc.*, 318 F.3d 1, 19 (1st Cir. 2003), *cited with approval in Stephenson v. El-Batrawi*, 524 F.3d 907, 917 n.11 (8th Cir. 2008).

4

The fact that a complaint makes a demand for a specific dollar amount is insufficient to make it a claim for a sum certain. *See KPS & Assocs.*, 318 F.3d at 20 n.9. However, a court may establish damages "by taking evidence when necessary or by computation from facts of record, to fix the amount which the plaintiff is lawfully entitled to recover and to give judgment accordingly." *Pope v. United States*, 323 U.S. 1, 12 (1944).

After thoroughly reviewing the record, the court finds that Plaintiff's claim is for a sum certain and an evidentiary hearing is not warranted. *See KPS & Assocs.*, 318 F.3d at 19 (noting that sum certain claims can include actions on money judgments, negotiable instruments or other similar situations where damages can be determined without extrinsic evidence). Plaintiff's attorney, Jennifer Germaine, avers that the arbitrator decided in favor of Plaintiff for the amounts listed in the Arbitration Award. *See* Affidavit in Support of Motion (docket no. 8-2) at 1-2. Germaine further avers that Plaintiff has incurred the additional damages of $400.00 in filing fees, $81.40 in service of process fees and $1,917.50 in attorney fees in bringing this enforcement action. *Id.* at 2.

The court finds that Plaintiff has proven its damages by a preponderance of the evidence, and the court shall award Plaintiff the following amounts: (1) $7,250.01 in loan principal on the Agreements; (2) $1,332.00 in attorney fees for the arbitration action; (3) $87.99 in service of process fees for the arbitration action; (4) $1,750.00 for arbitration fees and arbitrator compensation; (5) $1,308.98 in interest accrued as of March 1, 2018; (6) $1,917.50 in attorney fees for the federal enforcement action; (7) $400.00 in federal court filing fees; and (8) $81.40 in service of process fees for the federal enforcement action.

## V. CONCLUSION

In light of the foregoing, the Motion (docket no. 8) is **GRANTED**. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff Cedar Rapids Electrical Apprenticeship Training and Educational Trust and against Defendant Chad Michael Ehret

in the amount of **$14,127.88**, plus interest on the loan principal amounts from March 1, 2018, until paid as stated in the Arbitration Award.

    **IT IS SO ORDERED.**

    **DATED** this 31st day of March, 2018.

                                  LINDA R. READE, JUDGE
                                  UNITED STATES DISTRICT COURT
                                  NORTHERN DISTRICT OF IOWA